UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy Reaves,<br>    aka Kathy Juanita Reaves<br><br>                Plaintiff,<br><br>v.<br><br>Samuel Buddy Arthur, III, *Individually*<br>Melissa Hargrove, *Individually,*<br>Jerome Scott Kozacki, *Individually*<br>Aiken and Bridges Attorneys at Law<br>Wilcox, Buyck & Williams, P.A.<br><br>                Defendants. | Civil Action No.: 4:23-cv-05362-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Kathy Reaves' motion to transfer venue as well as Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this action with prejudice and without issuance and service of process.[1] *See* ECF No. 10. This Court finds that venue is wholly proper and thus, **DENIES** Plaintiff's motion to transfer venue. Finding venue is proper, this Court has conducted a de novo review of the Magistrate Judge's recommendation and considered Plaintiff's objections. After conducting such a de novo review, this Court **ADOPTS** the R & R in its entirety and **DISMISSES** this action with prejudice and without service of process.

**Standard of Review**

---

[1] The Magistrate Judge reviewed the Complaint pursuant to 28 U.S.C. § 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Before addressing the Magistrate Judge's recommendation and Plaintiff's corresponding objections, this Court will address Plaintiff's motion to transfer venue. Plaintiff supports her motion to transfer venue by stating that she, at one time or another, was a Georgia resident and that this action is related to claims currently pending under the jurisdiction of the Northern District of Georgia.

A court has the power to consider sua sponte whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam). Pursuant to 28 U.S.C. § 1391(b),

(b) Venue in general.–A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). 28 U.S.C. § 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Initially, this Court notes that Plaintiff made the conscious decision to bring the present action in this District. Notably, Plaintiff's complaint states that "venue is laid within the United States District Court for the District of South Carolina and the Florence division as these claims are pending before this Court." ECF No. 1 at 7. Plaintiff further provides that "a substantial part of the events giving rise to the claims occurred within the boundaries of the United States District Court for the District of South Carolina - Florence Division." *Id*. Specifically, Plaintiff's present action focuses heavily on Civil Action No. 4:22-cv-318-TLW-TER brought in this District by Plaintiff. Additionally, every single Defendant in this action appears to be a resident of the state of South Carolina[2]. Venue is thus wholly proper under

---

[2] Plaintiff's complaint does not specifically state that Defendants are residents of South Carolina. However, "Aiken and Bridges" only maintains an office in Florence, South Carolina. Likewise, Wilcox, Buyck and Williams, P.A. maintains two offices, both in South Carolina. As to the individual Defendants, Plaintiff states that Samuel Buddy

28 U.S.C. § 1391(b)(1). Further, should any individual Defendant not be a South Carolina resident, venue would still be proper under 28 U.S.C. § 1391(b)(2), as Plaintiff has alleged that "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. Accordingly, this Court denies Plaintiff's motion to transfer venue.

Having denied Plaintiff's motion to transfer venue, this Court will now address the Magistrate Judge's recommendation and Plaintiff's subsequent objections. Plaintiff, proceeding pro se, filed this action, and has arguably alleged the following: violation of the Fair Credit Reporting Act, violation of the driver's protection privacy act, a § 42 U.S.C. 1983 fourteenth amendment claim, a claim of "supervisory liability" against law firm Defendants, a claim of "conspiracy," and a claim of "negligent hiring and retention." *See* ECF No. 1, ECF No. 8.

As noted by the Magistrate Judge, "[t]his is the twenty-second civil action filed in the recent past by Plaintiff." ECF No. 8 at 1. Plaintiff currently has a pending action, No. 4:22-cv-318-TLW-TER. Further, Plaintiff has several actions recently dismissed by courts in this district, some involving the same factual scenario as the instant action. Plaintiff has alleged injury as a result of Defendant attorneys filing a booking report in support of a motion in the above referenced action. ECF No. 1 at 9.

The Magistrate Judge recommends dismissing this action with prejudice. As to Plaintiff's "Fourteenth Amendment" allegation, the Magistrate Judge found that the attorney defendants and their respective law firms "are not state actors and are not amenable to suit in a § 1983 action for alleged constitutional violations," nor were such Defendants acting under color of state law. ECF No. 8 at 2.

---

Arthur III is employed by Aiken and Bridges in Florence, South Carolina. This Court has verified that this individual is a member of the South Carolina BAR, employed by Aiken and Bridges, and his South Carolina BAR page displays a South Carolina address. Similarly, Jerome Scott Kozacki's profiles verifies the same. *See* https://www.scbar.org/lawyers/directory (last visited May 9, 2024.). Further, it is likely safe to assume that Melisa Hargrove is a South Carolina resident as she works for Wilcox, Buyck & Williams, P.A., a firm with only South Carolina offices.

Accordingly, the Magistrate Judge found Plaintiff failed to state a claim upon which relief can be granted. *Id*. at 3.

Similarly, the Magistrate Judge recommends dismissal of Plaintiff's claim that "Defendants violated the [Fair Credit Reporting Act] by filing a copy of her booking report in a civil proceeding." *Id*. *See also* ECF No. 1 at 9. The Magistrate Judge found that no Defendant qualified as "a consumer reporting agency, statutory reporter[], or furnisher[] of information inside a consumer report as defined by the FCRA" and that the booking report is "not created by a consumer reporting agency and is not a consumer report." ECF No. 8 at 3-4. Thus, the Magistrate Judge concluded that Plaintiff had failed to allege a cognizable FCRA claim.

The Magistrate Judge also found that Defendants' use of the "booking report" did not lead to a cognizable claim under the driver's protection privacy act. The Magistrate Judge detailed that the act excepts "use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory board." *Id.*

Further, the Magistrate Judge recommends dismissal of Plaintiff's "supervisory liability" claim "[a]s no cognizable claim upon which relief can be granted has been plausibly alleged as to defendant lawyers or these defendant law firms." *Id*. Likewise, the Magistrate Judge recommends dismissal of Plaintiff's "negligent hiring and retention" claim which states that the attorneys "were incommpetent and unfair for their positions" and owed "Plaintiff a duty of care not to violate the FCRA." *Id*. At 6, ECF No. 1 at 15. The Magistrate Judge found this claim to lack support due to the fact that Plaintiff failed to allege a cognizable claim under the FCRA.

Lastly, the Magistrate Judge also recommends dismissal of Plaintiff's "conspiracy" claim. *Id*. The Magistrate Judge found that Plaintiff failed to establish that Defendants entered into any agreement

or that Plaintiff was deprived of some constitutional right. *Id*. at 6. Accordingly, the Magistrate once again found that Plaintiff failed to allege a cognizable claim.

This Court has reviewed the entirety of the Magistrate's R&R, as well as Plaintiff's "Response to Report and Recommendation..."("Response"). At best, Plaintiff's "Response"(objections) rehash the factual background and restate that she "is within her constitutional rights to file a claim against [Defendants] for Fourth Amendment false arrest and Fourth Amendment False imprisonment and racially profiling and violation of the FCRA." ECF No. 10 at 3. *Plaintiff does not present a single, particularized objection*, nor does she provide any law to support her restated claims. Rather, instead of focusing on her claims against the attorneys and their respective law firms, Plaintiff continues to emphasize facts and claims of a different case.

This Court first notes that Plaintiff states that "she had agreed to dismiss claims without prejudice against Jerome Scott Kozacki, Melisa Hargrove, and the Wilcox Law Firm ONLY." ECF No. 10 at 3. Nonetheless, this Court has conducted a de novo review of the entirety of the Magistrate Judge's recommendation as to all Defendants and hereby adopts the R & R in its entirety.

Conclusion

This Court **DENIES** Plaintiff's motion to transfer venue and overrule Plaintiff's Response/Objections. Further, having conducted a de novo review of the Magistrate Judge's recommendation and Plaintiff's objections, this Court **ADOPTS** the R&R in its entirety and thus, pursuant to § 1915(e)[3], dismisses Plaintiff's Compliant *with prejudice and without issuance and service of process*.

---

[3]*See Michau v. Charleston Cty*., 434 F.2d 725, 728 (4th Cir. 2006) (affirming the district court's dismissal of two complaints pursuant to § 1915, even though the plaintiff was not a prisoner, because the plaintiff was proceeding *in forma pauperis*).

**IT IS SO ORDERED.**

Florence, South Carolina  
May 14, 2024

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge
